IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| **CONNIE JO MORRIS and JOHNNY MORRIS,**<br><br>PLAINTIFFS,<br><br>v.<br><br>**WAL-MART STORES EAST, LP; WAL-MART STORES EAST, LP, D/B/A WAL-MART SUPERCENTER #593; WALMART INC F/K/A WAL-MART STORES, INC.,**<br><br>DEFENDANTS. | Civil Action File No.: _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants Wal-Mart Stores East, LP, Wal-Mart Stores East, LP, d/b/a Wal-Mart Supercenter #593, and Walmart Inc f/k/a Wal-Mart Stores, Inc.[1] (collectively, "Defendants") hereby give notice of the removal of the above-referenced civil action to the United States District Court for the Southern District of Georgia – Waycross Division. As grounds for the removal, generally, the Plaintiffs and Defendants are completely diverse, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. In support of removal, Defendants state as follows:

---

[1] Defendants state that "Wal-Mart Supercenter #593" and "Walmart Inc" are improper Defendants in this case and "Wal-Mart Stores East, LP" and "Wal-Mart Stores East, LP, d/b/a Wal-Mart Supercenter #593" are not separate entities. These purported Defendants were not involved in the day-to-day operation of the Walmart store at issue and were not involved in the underlying incident. While Defendants deny all allegations of liability, Defendants state that Wal-Mart Stores East, LP was the entity involved in the day-to-day operation of the Walmart store at issue. Regardless and without waiving these issues, all named Defendants expressly consent to removal.

### A. BACKGROUND

1. On February 3, 2020, Plaintiffs filed their Complaint in the Superior Court of Coffee County, Georgia ("State Court Action) currently pending as Civil Action File Number SUS202000000. The genesis of the lawsuit is a February 6, 2018 trip and fall over a "raised bar" or "strap," which Plaintiffs contend was part of the shopping cart corral and in the path of Plaintiff Connie Jo Morris's exit from the shopping cart corral at the Wal-Mart Store #593 located at 1450 Bowens Mill Road, SE, Douglas, Coffee County, Georgia. (Pls. Compl, ¶ 1; Exhibit A (attached as part of the documents comprising the State Court Action).

Plaintiffs' Complaint asserts causes of action for negligence and loss of consortium. Plaintiff Connie Jo Morris alleges that she "suffered bodily injury requiring medical treatment and therapy by various medical practitioners and treatment facilities" and that she incurred past medical expenses in excess of $91,000.00. (*Id.* at ¶ 22). Plaintiff also seeks to recover for future medical expenses. (*Id.*) Plaintiff's spouse, Johnny Morris, contends that as a result of his wife's injuries, he was deprived of her society, companionship, and affection, thereby entitling him to compensation for loss of consortium. (*Id.* at ¶ 25).

2. On February 11, 2020, Plaintiffs effectuated service of the Summons and Complaint upon Defendants Wal-Mart Stores East, LP and Walmart Inc f/k/a Wal-Mart Stores, Inc. Exhibit A is a true and correct copy of all of the process, pleadings, orders, documents, and papers from the State Court Action.

### B. GROUNDS FOR REMOVAL

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as complete diversity of citizenship exists between Plaintiff and Defendants, and the

amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

      **a.**   **Timeliness**

4. This Notice of Removal is filed within thirty (30) days of service of Plaintiffs' Complaint on Defendants and service on Defendants was the first receipt by any of the Defendants of that initial pleading and Summons. Removal of this action, therefore, is timely under 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.")

      **b.**   **Diversity of Citizenship**

5. As alleged, Plaintiffs are adult residents and citizens of the State of Georgia (at the time of filing of the State Court Action, and as of this Removal). *See* Ex. A, Compl., ¶ 1.

6. Defendant Wal-Mart Stores East, LP is a Delaware limited partnership with its headquarters and principal place of business located in Bentonville, Arkansas. Thus, Defendant Wal-Mart Stores East, LP is considered a citizen of Arkansas (at the time of filing of the State Court Action and as of this Removal). Defendant Wal-Mart Stores East, LP is not a citizen of Georgia. *See* Ex. A, Compl., ¶ 2.

7. Defendant Wal-Mart Inc. f/k/a Wal-Mart Stores, Inc. is a Delaware corporation with its headquarters and principal place of business located in Bentonville, Arkansas. Thus, Defendant Wal-Mart Inc. f/k/a Wal-Mart Stores, Inc. is considered a citizen of Arkansas (at the time of filing of the State Court Action and as of this Removal). Defendant Wal-Mart Inc. f/k/a Wal-Mart Stores, Inc. is not a citizen of Georgia. *See* Ex. A, Compl., ¶ 3.

8. Because there is complete diversity between all parties properly joined and served at this time, removal is proper. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), and 1441(b)(2).

     **c.**    **The Amount in Controversy Exceeds $75,000.00 Exclusive of Interest and Costs**

9.    Plaintiffs' Complaint alleges injuries and damages in excess of $91,000.00 for Plaintiff Connie Jo Morris, in addition to an unspecified amount of damages for Plaintiff Johnny Morris's loss of consortium. *See* Ex. A, Compl, ¶ 22, 25. Further, Plaintiff Connie Jo Morris contends that she will incur future pain and suffering. (*Id.* at ¶ 23).

10.    Because it is clear from the face of Plaintiffs' Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, the amount in controversy requirement for diversity jurisdiction is met under 28 U.S.C. § 1332.

**C.**    **VENUE**

11.    Venue is proper in this Court and Division under 28 U.S.C. § 1441(a), because this Notice of Removal is filed in the judicial district and division embracing Coffee County, Georgia, where the State Court Action is pending.

**D.**    **NOTICE OF FILING OF NOTICE OF REMOVAL**

12.    Pursuant to 28 U.S.C. § 1446(a), the filing of a copy of this Notice with the Clerk of the State Court effects the removal of the State Court Action. Contemporaneous with the filing of this Notice, a copy of this Notice, along with a Notice of Filing of Notice of Removal, has been submitted to the Clerk of the Superior Court of Coffee County, Georgia, and served upon counsel for all parties pursuant to 28 U.S.C. § 1446(d).

13.    By filing of this Notice, Defendants do not waive any of their defenses, including but not limited to any defenses under Federal Rule of Civil Procedure 12, and do not admit any fact, law, or liability.

WHEREFORE, based on the foregoing, Defendants respectfully remove this action to the United States District Court for the Southern District of Georgia – Waycross Division.

Respectfully submitted, this 5th day of March, 2020.

                              **DREW ECKL & FARNHAM, LLP**

                              */s/ Michael L. Miller*
                              Michael L. Miller
                              Georgia Bar No. 508011
                              Elissa B. Haynes
                              Georgia Bar No. 804466
                              *Attorneys for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
(404) 876-0992 (fax)
mmiller@deflaw.com
ehaynes@deflaw.com

9588524/1
05695-163549