**EXHIBIT A**

**STATE COURT FILINGS**

SHERIFF'S ENTRY OF SERVICE

Civil Action No. SUS2020000001

| | |
|---|---|
| Superior Court ☒ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Date Filed 2/3/2020

Georgia,    COFFEE     COUNTY

Connie Jo Morris and

Attorney's Address

Johnny Morris

Drew Tanner of Farrar Hennesy & Tanner

Plaintiff

P. O. Box 770

VS.

Douglas, GA 31534-0770

Name and Address of Party to Served

Walmart, INC

Wal-Mart Stores Eaast, LP

Registered Agent of The Corporation Co(FL.

Defendant

112 North Main Street

Cumming, GA 30040

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant   The   Corporation   Company _____ a corporation

☒ by leaving a copy of the within action and summons with    Pam   mcluffry
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 11ᵗʰ day of F. bruary , 20 20 .

DEPUTY

DEFENDANT'S COPY

## SUPERIOR COURT OF COFFEE COUNTY
## STATE OF GEORGIA

**⚡ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COFFEE COUNTY, GEORGIA

# SUS2020000001

**FEB 03, 2020 07:23 PM**

*Elisa Gillis*
Elisa Gillis, Clerk
Coffee County, Georgia

CIVIL ACTION NUMBER  <u>SUS2020000001</u>

Morris, Connie Jo
Morris, Johnny

**PLAINTIFF**

VS.

Walmart INC
Wal-Mart Stores East, LP, DBA Wal-Mart
Supercenter #593

**DEFENDANTS**

### SUMMONS

TO: WAL-MART STORES EAST, LP

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

**Drew Tanner**
**Farrar Hennesy Tanner**
**P. O. Box 770**
**Douglas, Georgia 31534**

an answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

**This 3rd day of February, 2020.**

Clerk of Superior Court

*Elisa Gillis*
Elisa Gillis, Clerk
Coffee County, Georgia

**⚡ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COFFEE COUNTY, GEORGIA

**SUS2020000001**

FEB 03, 2020 07:23 PM

*Elisa Gillis*
Elisa Gillis, Clerk
Coffee County, Georgia

IN THE SUPERIOR COURT OF COFFEE COUNTY

STATE OF GEORGIA

CONNIE JO MORRIS and
JOHNNY MORRIS,

    Plaintiffs,

vs.

WAL-MART STORES EAST, LP;
WAL-MART STORES EAST, LP,
d/b/a WAL-MART SUPERCENTER #593;
Walmart INC f/k/a WAL-MART STORES, INC.,

    Defendants.

\* \* \* \* \* \* \* \*

CIVIL ACTION FILE NO._____

DAMAGES

## COMPLAINT

COMES NOW Plaintiffs Connie Jo Morris and Johnny Morris and file this Complaint for

damages and demand for jury trial against Defendants, showing the Court the following:

### PARTIES, JURISDICTION, VENUE

-1-

Plaintiffs Connie Jo Morris and Johnnie Morris (hereinafter "Plaintiff" or "Morris") are

married and residents of the State of Georgia.  Plaintiffs bring this action against all Defendants

for injury which occurred on February 6, 2018 when Plaintiff Connie Jo Morris tripped and fell

over a raised bar, or strap, which was part of the shopping cart corral, and across the open end of

the corral, and in the direct path of her exit from the shopping cart corral at the Wal-Mart Store

#593 located at 1450 Bowens Mill Rd., SE, Douglas, Coffee County, Georgia.

-2-

Defendant Wal-Mart Stores East, LP is a Delaware limited partnership with its

headquarters and principal place of business located in Bentonville, Arkansas. Defendant Wal-Mart Stores East, LP is authorized to transact business, does business and derives substantial profits from doing business in the State of Georgia. This Court has personal jurisdiction over Defendant Wal-Mart Stores East, LP because of its systematic and continuous contacts with this State. Defendant Wal-Mart Stores East, LP's registered agent in Georgia is The Corporation Company (FL), 112 North Main Street, Cumming, Forsyth County, GA, 30040, where Summons and this Complaint may be served by second original by the Sheriff of Forsyth County or other such person authorized to effectuate service. Venue is proper in this Court as to this Complaint against Defendant Wal-Mart Stores East, LP pursuant to O.C.G.A. §14-2-510 because it transacts business in Coffee County, Georgia maintains an office in Coffee County, Georgia and the tortious conduct giving rise to this action occurred in Coffee County, Georgia.

-3-

Defendant Walmart INC f/k/a Wal-Mart Stores, Inc., (hereinafter Walmart INC) is a Delaware corporation with its headquarters and principal place of business located in Bentonville, Arkansas. Defendant Walmart INC, is authorized to transact business, does business and derives substantial profits from doing business in the State of Georgia. This Court has personal jurisdiction over Defendant Walmart INC, because of its systematic and continuous contacts with this State. Defendant Walmart INC's registered agent in Georgia is The Corporation Company (FL), 112 North Main Street, Cumming, Forsyth County, GA, 30040, where Summons and this Complaint may be served by second original by the Sheriff of Forsyth County or by such other person authorized to effectuate service. Venue is proper in this Court as to this Complaint against Defendant Walmart INC pursuant to O.C.G.A. § 14-2-510 because it transacts business in Coffee County, Georgia maintains an office in Coffee County, Georgia and

the tortious conduct giving rise to this action occurred in Coffee County, Georgia.

-4-

Defendants Wal-Mart Stores East, LP and Walmart INC, (collectively, and individually, referred to as "Wal-Mart" or Defendants hereinafter) are both named as Defendants herein in the alternative, as allowed by, among other law, O.C.G.A.§ 9-11-8, as it is unclear to Plaintiff based upon readily available information which of those two entities – both of which are headquartered at the same location in Bentonville, Arkansas, and bear the Wal-Mart or Walmart name – is the legal entity that owned, controlled, operated, supervised, managed, secured, patrolled, and maintained the land and who manages and is legally responsible for the actions of its agents and employees at the Wal-Mart Store #593 located at 1450 Bowens Mill Road, SE, Douglas, GA 31533, Coffee County, Georgia, as of February 6, 2018.  To the extent that both Wal-Mart entities are owners, managers or exercisors of supervisory control over that store, both are proper parties.  In the remainder of this Complaint, the term "Wal-Mart" refers to the two Wal-Mart entities, collectively and/or individually, and such term is intended to refer to and mean the Wal-Mart entity(ies) which owned, controlled, operated, supervised, managed, secured, patrolled, and maintained the land at 1450 Bowens Mill Road, SE, Douglas, GA 31533, on February 6, 2018, or other times relevant to this Complaint.

### COUNT ONE

-5-

The incident and all relevant events giving rise to this lawsuit occurred within Coffee County, Georgia, a county in which Defendants transact business and have an office, and in which it transacted business and maintained an office at the time of all relevant events to this Complaint, including but not limited to business conducted at the Wal-Mart Store #593 located

at 1450 Bowens Mill Road, Douglas, Coffee County, Georgia. Accordingly, venue is proper in this Court over Defendant Wal-Mart pursuant to O.C.G.A. § 14-2-510(b)(3) and other applicable law.

## NATURE OF THE ACTION

-6-

This is a personal injury action arising out of the injury to Plaintiff Connie Jo Morris, on or about February 6, 2018 in Douglas, Georgia at the Wal-Mart Store #593 located at 1450 Bowens Mill Highway, Douglas, Georgia. This injury occurred on land owned, controlled, operated, supervised, managed, secured, patrolled, and maintained by Defendants.

## OPERATIVE FACTS

-7-

On or about February 6, 2018 , Plaintiff Connie Jo Morris entered the Wal-Mart Store #593 located at 1450 Bowens Mill Road, SE, Douglas, Coffee County, Georgia. Plaintiff Connie Jo Morris entered said Wal-Mart store during normal operating hours as an invitee to its premises, and was not trespassing at any point. She entered the store, retrieved a shopping cart and shopped for and purchased several items which she placed in the shopping cart.

-8-

Plaintiff Connie Jo Morris then returned to her vehicle and removed the items she had purchased from the shopping cart and placed them into her vehicle.

-9-

At all times relevant, Defendants provided various shopping cart corrals throughout its parking lot for the return of shopping carts. Plaintiff Connie Jo Morris, after placing the items she had purchased in her car, returned the shopping cart to a shopping cart corral by pushing the

cart into the corral and stepping inside.

-10-

After returning the shopping cart, Plaintiff Connie Jo Morris turned around to exit the shopping cart corral and return to her vehicle. As she exited the corral, she tripped and fell over a raised bar, or strap, which was part of the shopping cart corral, across the open end of the corral, and in the direct path of her exit from the shopping cart corral.

## CAUSE OF ACTION - NEGLIGENCE

-11-

Plaintiffs incorporate by reference each and every prior and subsequent allegation as though fully set forth herein.

-12-

On or about February 6, 2018, Plaintiff Connie Jo Morris, was a business invitee of Defendant Wal-Mart Store #593 located at 1450 Bowens Mill Highway, Douglas, Georgia.

-13-

On or about February 6, 2018, Plaintiff Connie Jo Morris, while exercising due care and caution for her own safety, was exiting a shopping cart corral in Defendant's parking lot after returning a shopping cart, and did sustain a fall caused by a raised bar, or strap, which was part of the shopping cart corral and in the direct path other exit from the shopping cart corral.

-14-

It was the duty of Defendant to use ordinary care and diligence to keep and maintain said shopping cart corrals in a condition reasonably safe for its intended uses and free from all defects and conditions which would render it dangerous and unsafe for Plaintiff Connie Jo Morris, or present an unreasonable risk of harm to her in her lawful use of the same.

-15-

It was the duty of Defendant to exercise reasonable care to protect Plaintiff Connie Jo

Morris, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury

occurring from reasonably foreseeable uses of the shopping cart corrals in Defendant's parking

lot.

-16-

It was the duty of Defendant to use reasonable care in the maintenance of the aforesaid

shopping cart corral located in Defendant's parking lot in a manner consistent with and in

conformity with recognized standards and state and national codes of construction, design and

safety.

-17-

It was the duty of Defendant to have available sufficient personnel and equipment to

properly inspect and maintain the aforesaid shopping cart corral located in Defendant's parking

lot in a condition reasonably safe for Plaintiff Connie Jo Morris and free from defects and

conditions rendering it unsafe.

-18-

It was the duty of Defendant to warn Plaintiff Connie Jo Morris of the aforesaid

dangerous and unsafe conditions existing in the shopping cart corral located in Defendant's

parking lot.

-19-

The fall and resultant injuries to Plaintiff Connie Jo Morris were caused by the negligence

of Defendant who failed to utilize reasonable care in the upkeep and maintenance of the aforesaid

shopping cart corral located in Defendant's parking lot .

-20-

The fall and resultant injuries to Plaintiff Connie Jo Morris were caused by the negligence of Defendant who failed to inspect and keep the shopping cart corral free from defects and conditions rendering the shopping cart corral unsafe and in failing to warn her of the unsafe conditions of the shopping cart corral.

-21-

The aforesaid acts of negligence on the part of Defendant were the proximate cause of the injuries sustained by Plaintiff Connie Jo Morris.

-22-

As a direct and proximate result of the above described negligence of Defendant, Plaintiff Connie Jo Morris suffered bodily injury requiring medical treatment and therapy by various medical practitioners and treatment facilities and has incurred medical expense for treatment of said injuries in excess of $91,000. Plaintiff continues to incur medical expenses for treatment of said injuries and will do so in the future.

-23-

As a direct and proximate result of injury caused by the above described negligence of Defendant, Plaintiff Connie Jo Morris has suffered, is suffering and will suffer in the future, pain and mental anguish.

## COUNT TWO

Plaintiffs hereby reaffirm, reallege, incorporate by reference, and make part hereof, each and every numbered paragraph above and further show:

-24-

Since February 6, 2018, Plaintiff Connie Jo Morris has physically and mentally been

unable to perform her domestic conjugal duties, provide society, companionship, affection, and all other value that arises out of the marriage because of the result and injuries which was caused by the negligence of Defendants.

-25-

Plaintiff Johnny Morris has been deprived of Plaintiff Connie Jo Morris's society, companionship, affection, and all other value that arises out of the marriage and has a right to recover these damages for loss of consortium from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.  That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

b.  That Plaintiffs have a trial by jury;

c.  That Plaintiffs have and recover all damages for all losses compensable under Georgia law as set forth above, including interests and costs;

d.  That all costs be cast against Defendants;

e.  That service be had upon Defendants as provided by law;

f.  For such other and further relief as the Court shall deem just and proper.

This 3rd day of February, 2020.

FARRAR, HENNESY & TANNER, LLC

By: /s/ Drew Tanner
Drew Tanner
Attorney for Plaintiff
State Bar No.: 697598

P. O. Box 770
316 Madison Avenue N
Douglas, GA 31534
Phone (912) 384-2287

**✪ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COFFEE COUNTY, GEORGIA

**SUS2020000001**

FEB 03, 2020 07:23 PM

*Elisa Gillis*
Elisa Gillis, Clerk
Coffee County, Georgia

IN THE SUPERIOR COURT OF COFFEE COUNTY

STATE OF GEORGIA

CONNIE JO MORRIS and
JOHNNY MORRIS,                                     *

    Plaintiffs,                                        *

vs.                                                *          CIVIL ACTION FILE NO._____

WAL-MART STORES EAST, LP;                          *
WAL-MART STORES EAST, LP,
d/b/a WAL-MART SUPERCENTER #593;                   *
Walmart INC f/k/a WAL-MART STORES, INC.,
                                    *

    Defendants.                                        *

                                        *          **DAMAGES**

## PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANTS

COMES NOW, Plaintiffs and serve these Requests for Admission upon the named

Defendant and requests that they be fully admitted in writing and under oath within thirty (30)

days of the date of service.  These Requests for Admission are served pursuant to the Georgia

Civil Practice Act and are served pursuant to O.C.G.A. §§ 9-11-26 and 9-11-36.

EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED

ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF

THESE REQUESTS, YOU SERVE PLAINTIFFS WITH A WRITTEN ANSWER OR

OBJECTION TO SUCH MATTER.

You are cautioned that should you fail to admit the genuineness of any document, or the

truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should

Plaintiffs thereafter prove the genuineness of such document or truth of such matter, Plaintiffs

will apply to the Court for an order requiring you to pay Plaintiffs the reasonable expenses

incurred by Plaintiffs in making that proof, including reasonable attorney fees. The Court must make such order unless it finds that the request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance, or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter. "INCIDENT" shall refer to the incident complained of in Plaintiffs' Complaint.

ADMIT EACH OF THE FOLLOWING FACTS AS TRUE:

1. ADMIT that you were the entity that owned, controlled, operated, supervised, managed, secured, patrolled, and maintained the property where and when the INCIDENT occurred.

2. ADMIT that as the entity that owned, controlled, operated, supervised, managed, secured, patrolled, and maintained the property of the subject INCIDENT that it is your responsibility to maintain and control the premises in a safe condition.

3. ADMIT that as the entity that owned, controlled, operated, supervised, managed, secured, patrolled, and maintained the subject property you owe the duty to Plaintiff to maintain it in a safe condition.

4. ADMIT that you inspected said shopping cart corral a short time after Plaintiff fell and was injured.

5. ADMIT that Plaintiff fell after tripping on the subject shopping cart corral and was injured.

6. ADMIT that the subject shopping cart corral was poorly maintained just prior to the INCIDENT.

7. ADMIT that the subject shopping cart corral was not safely maintained just prior to

the INCIDENT.

8. ADMIT that the subject shopping cart corral was dangerously maintained just prior to the INCIDENT.

9. ADMIT that you did not inspect the subject shopping cart corral within 1 hour prior to the INCIDENT.

10. ADMIT that you did not inspect the subject shopping cart corral within 12 hours prior to the subject INCIDENT.

11. ADMIT that you did not inspect the subject shopping cart corral within 24 hours prior to the INCIDENT.

12. ADMIT that you did not inspect the subject shopping cart corral within 1 week prior to the subject INCIDENT.

13. ADMIT that you did not inspect the subject shopping cart corral within 1 month prior to the INCIDENT.

14. ADMIT that you did not inspect the subject shopping cart corral within 6 months prior to the INCIDENT.

15. ADMIT that you place and arrange shopping cart corrals around the INCIDENT store parking lot so that customers will return shopping carts and push them into the corrals.

16. ADMIT that your inspection records are incomplete or non-existent.

17. ADMIT that your repair records of the shopping cart corrals are incomplete or non-existent.

18. ADMIT that you did not repair the subject shopping cart corral within 1 hour prior to the INCIDENT.

19. ADMIT that you did not repair the subject shopping cart corral within 12 hours prior

to the INCIDENT.

20. ADMIT that you did not repair the subject shopping cart corral within 24 hours prior to the INCIDENT.

21. ADMIT that you did not repair the subject shopping cart corral within 1 week prior to the INCIDENT.

22. ADMIT that you did not repair the subject shopping cart corral within 1 month prior to the INCIDENT.

23. ADMIT that you did not repair the subject shopping cart corral within 6 months prior to the INCIDENT.

24. ADMIT that you have no written policies and procedures for customer safety in your store(s).

25. ADMIT that you have no written policies and/or procedures for conducting visual inspections and/or "repairs" of or to the shopping cart corrals in your stores' parking lot(s).

26. ADMIT that the poorly maintained shopping cart corral caused Plaintiff's fall.

27. ADMIT that the unsafely maintained shopping cart corral caused the Plaintiff's fall.

28. ADMIT that the dangerously maintained shopping cart corral caused Plaintiff's fall.

29. ADMIT that the INCIDENT shopping cart corral did not meet the standards required by the recognized standards and state and national codes of construction, design and safety.

30. ADMIT that at the time of the INCIDENT no warning signs were placed at the location of the INCIDENT.

31. ADMIT that you do not have any type of safety training program concerning customer safety.

32. ADMIT that customers do not have a duty to inspect the shopping cart corrals of your

store(s).

33. ADMIT that the shopping cart corral where the Plaintiff fell needed to be inspected prior to this INCIDENT.

34. ADMIT that the shopping cart corral where the Plaintiff fell needed to be repaired prior to this INCIDENT.

35. ADMIT that the manufacturer of the subject shopping cart corral was National Cart Company.

This 3rd day of February, 2020.

FARRAR, HENNESY & TANNER, LLC


BY: /s/ Drew Tanner
Drew Tanner, Attorney for Plaintiffs
State Bar No. 697598

316 N. Madison Avenue
P. O. Box 770
Douglas, GA 31534
(912) 384-2287
drew@fhtlawyers.com

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COFFEE COUNTY, GEORGIA

**SUS2020000001**

FEB 03, 2020 07:23 PM

Elisa Gillis, Clerk
Coffee County, Georgia

IN THE SUPERIOR COURT OF COFFEE COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CONNIE JO MORRIS and JOHNNY MORRIS, | * | |
| Plaintiffs, | * | |
| vs. | * | CIVIL ACTION FILE NO._____ |
| WAL-MART STORES EAST, LP; WAL-MART STORES EAST, LP, d/b/a WAL-MART SUPERCENTER #593; Walmart INC f/k/a WAL-MART STORES, INC., | * | |
| Defendants. | * | DAMAGES |
| | * | |

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANTS

Plaintiffs requests that Defendant  within 45 days after the service of these interrogatories, and in accordance with the Georgia Rules of Civil Procedure and other applicable law and rules, answer each interrogatory fully and completely in writing, under oath, and within such time serve copies of such answers on counsel for these Plaintiffs, and these interrogatories hereby being designated as continuing in nature. Defendant is also requested to similarly make and serve additional answers thereafter as often as may be necessary to continuously answer said interrogatories fully, truthfully and completely; the interrogatories which Defendant is hereby required to answer being hereto annexed as Exhibit "A", and made a part hereof.

Dated:    February 3, 2020.

FARRAR,  HENNESY & TANNER, LLC

BY:  /s/ Drew Tanner_____
Drew Tanner, Attorney for Plaintiffs
State Bar No. 697598

316 N. Madison Avenue
P. O. Box 770
Douglas, GA 31534
(912) 384-2287
drew@fhtlawyers.com

## EXHIBIT A

-1-

State the name, address and job title of each person who is answering these interrogatories on behalf of the Defendant. Include in your answer the following:

(A)   If he/she has been employed by the Defendant, state:

(I)   The nature of his/her duties, describing them, and job titles, if any, and

(II)   The period of time spent by him/her in each job.

-2-

State the name, last known address, and job title of each person who was aware of the raised bar, or strap, which was part of the shopping cart corral and across the open end of the corral in the Defendant's parking lot on February 6, 2018. For each such person state:

(A)   When he/she first became aware of the presence of the issue described above;

(B)   His/her job duties;

(C)   Whether it was reported to anyone else, and if so, the name, last known address, and job title of each person it was reported to.

-3-

State the name, last known address, telephone number, and job title of each employee who was working at the time of the occurrence at the subject premises mentioned in the petition. For each such person state whether he/she is still employed by Defendant, and if not employed by Defendant, state the date of termination of employment.

-4-

State the name, last known address, and telephone number of each person known to you or reported to you, your agents, attorneys, or others acting on your behalf to have witnessed the

occurrence mentioned in the pleadings.

-5-

State the name, last known address, and telephone number of each person known to you or reported to you, your agents, attorneys, or others acting on your behalf to have been present at the scene of the occurrence mentioned in the pleadings within thirty (30) minutes following the occurrence.

-6-

State the name, last known address, and job title of any other person not already identified by you in your answers to the preceding five (5) interrogatories who have, or claim to have, personal knowledge of facts pertaining to the occurrence mentioned in Plaintiffs' Complaint.

-7-

State the name(s), last known address, and job title of each person who was responsible for inspecting the shopping cart corrals in Defendant's parking lot for defects on the date of the occurrence. For each such person state whether he/she is still employed by Defendant. State whether any records or documents are maintained or prepared by the Defendant which reflect if and/or when inspections were made of the Defendant's shopping cart corrals on the date of the occurrence. If your answer is in the affirmative:

    (A)    Identify each such record or document with reasonable particularity;

    (B)    Identify the custodian of each such document.

-8-

State whether any records or documents are maintained or prepared by the Defendant which reflect if and/or when inspections were made of the Defendant's shopping cart corrals on the date of the occurrence. If your answer is in the affirmative:

(A)     Identify each record or document with reasonable particularity and detail;

(B)     Identify the custodian of each such document.

-9-

State the name, last known address, and job title of each person who was responsible for inspecting the shopping cart corrals in Defendant's parking lot for defects on the date of the occurrence.  For each such person state whether he/she is still employed by Defendant.  State whether any records or documents are maintained or prepared by the Defendant which reflect if and/or when inspections were made of the Defendant's shopping cart corrals for the 5 years prior to the occurrence.  If your answer is in the affirmative:

(A)     Identify each such record or document with reasonable particularity;

(B)     Identify the custodian of each such document.

-10-

State whether any records or documents are maintained or prepared by the Defendant which reflect if and/or when inspections were made of the Defendant's shopping cart corrals for the 5 years prior to the occurrence.  If your answer is in the affirmative:

(A)     Identify each record or document with reasonable particularity and detail;

(B)     Identify the custodian of each such document.

-11-

State the name, last known address, and job title of each person who was responsible for inspecting the shopping cart corrals in Defendant's parking lot for defects on the date of the occurrence.  For each such person state whether he/she is still employed by Defendant.  State whether any records or documents are maintained or prepared by the Defendant which reflect if and/or when inspections were made of the Defendant's shopping cart corrals at any time following

the date of the occurrence.  If your answer is in the affirmative:

    (A)    Identify each such record or document with reasonable particularity;

    (B)    Identify the custodian of each such document.

-12-

State whether any records or documents are maintained or prepared by the Defendant which reflect if and/or when inspections were made of the Defendant's shopping cart corrals at any time following the date of occurrence.  If your answer is in the affirmative:

    (A)    Identify each record or document with reasonable particularity and detail;

    (B)    Identify the custodian of each such document.

-13-

State the name, last known address, and job site of each person who worked in or around the shopping cart corrals in the Defendant's parking lot at or about the time of the occurrence.  For each such person:

    (A)    Describe their general job responsibilities;

    (B)    State whether he/she is still employed by Defendant, and if not employed by Defendant, state the date of termination of employment.

-14-

State the name, address, telephone number, occupation, employer, and area of expertise of each person whom you expect to call as an expert witness at trial and for each such person state the general nature of his or her expected testimony, and state the expert's hourly deposition fee.  If you will without a motion to produce, please attach a copy of such expert's current c.v. or resume.

-15-

State the date and time which Defendant believes the occurrence mentioned in the Plaintiffs'

Complaint took place.

-16-

State the exact location in Defendant's parking lot where Defendant believes the occurrence

mentioned in Plaintiffs' Complaint took place.

-17-

State whether any inspections were made of the shopping cart corrals in the Defendant's

parking lot on the date of the occurrence. If you answer is in the affirmative, state:

(A)     The exact time each inspection was made;

(B)     The name and address of each person conducting the inspection;

(C)     Whether any records, reports, or other documents were created or maintained

regarding such inspections, and if so, identify each such document with reasonable particularity and

identify the custodian of same.

-18-

Were there any photographs, video, or other media taken of the Plaintiff, of the occurrence,

or of the scene of the occurrence alleged in the petition? If so state:

(A)     When and by whom such photographs, video, or other media of the Plaintiff taken.

(B)     The name, last known address and job title of the custodian of same.

-19-

State whether there were any surveillance cameras or equipment in operation on or about the

date of the occurrence in the area where Plaintiff fell. If you answer is affirmative, state:

(A)     Where the surveillance equipment was located;

(B)     The identity of each person who was conducting or monitoring the surveillance;

(C)     Whether an audio and/or visual recording was made of the occurrence, the Plaintiff,

and/or the scene of the occurrence as a result of such surveillance;

    (D)    State the name, address, and job title of the custodian of any such recording.

-20-

Have you or anyone acting on your behalf obtained any statements in any form from Plaintiff in any way concerning the alleged occurrence, injuries, and/or damages?  If so, for each such statement please state the following:

    (A)    The date, place and time the statement was taken;

    (B)    The name, address, and job title of the person who took the statement;

    (C)    The name, address, employer, and job title of each person who was present when the statement was taken;

    (D)    The form of the statement (written, oral, stenotype, videotaped, recorded, etc.);

    (E)    The name, address, employer, and job title of the present custodian of the statement;

    (F)    The substance of the statement; and

    (G)    Attach a copy of any written or recorded statements, or the transcript thereof to your answers to these interrogatories.

-21-

Have you or anyone acting on your behalf obtained any statements in any form from any persons other than Plaintiff in any way concerning the alleged occurrence or Plaintiff's alleged injuries?  If so, for each such statement please state the name, last known address, and job title of each person whose statement was taken.

    (A)    If you will without a motion or order to produce, state the substance of the statement, or attach a copy of any written or recorded statements, or the transcripts thereof, to your answers to these interrogatories.

-22-

State the identify, including name and last known address, of each person who claims to have slipped and fell or tripped and fell in Defendant's parking lot in or near a shopping cart corral at anytime within the five (5) years immediately prior to the occurrence identified in the Plaintiffs petition. For each such person, state:

(A)    Whether any documents exist regarding each such other occurrence, and if so, identify each such document with reasonable particularity, and identify the custodian of same;

(B)    The date of each such other occurrence;

(C)    The location within the store of each such other occurrence;

(D)    Identify the substance, matter or thing which was slipped on or tripped over.

-23-

State the identify, including name and last known address, of each person who claims to have slipped and fell or tripped and fell in Defendant's parking lot in or near a shopping cart corral at anytime after the occurrence identified in the Plaintiffs petition. For each such person, state:

(A)    Whether any documents exist regarding each such other occurrence, and if so, identify each such document with reasonable particularity, and identify the custodian of same;

(B)    The date of each such other occurrence;

(C)    The location within the store of each such other occurrence;

(D)    Identify the substance, matter or thing which was slipped on or tripped over.

-24-

State whether any alterations or improvements of any kind were made to the scene of the occurrence in the Defendant's parking lot, including shopping cart corrals after the date of the occurrence. If your answer is in the affirmative, please state the exact nature of such alteration or

improvement, the date of such alteration or improvement and the person who made such alteration or improvement .

-25-

State in detail what measures, if any, were undertaken by the defendant to protect customers from tripping and falling in Defendant's parking lot at or about the date of the occurrence mentioned in the Petition.

-26-

State in detail what measures, if any, have been undertaken by the Defendant to protect customers from tripping and falling in Defendant's parking lot since the date of the occurrence mentioned in the Petition.

-27-

.Please state whether the Defendant had in effect at the time of the occurrence mentioned in the Petition any rules, regulations, policies, or procedures relating to inspection of the shopping cart corrals in Defendant's parking lot or relating to keeping the Defendant's premises safe for customers. If your answer is in the affirmative, please state:

    (A)    Whether such rules, regulations, policies, or procedures were written;

        (I)    If written, attach a copy of same to your answers to these interrogatories;

        (II)    If not written, set forth in detail each such rule, regulation, policy or procedure.

    (B)    The name, address, and job title of each person responsible for drafting and implementing such rules, regulations, policies or procedures.

-28-

Did you make, in the ordinary course of your business, an investigation, at or near the time

of the occurrence, into the cause of the occurrence or the extent and nature of the injuries alleged by Plaintiff in her petition, prior to having an attorney represent you in this action? If so, state:

(A)     The name, last known address and job title of each person participating, in such investigation;

(B)     Identify with reasonable particularity any documents which were created or generated, or forms that were completed, as a result of or in the course of such investigation;

(C)     The name, address and employment of the custodian of any of the documents identified by you in your response to this interrogatory.

-29-

If any of your employees were discharged, reprimanded, or received other sanctions as a result of the alleged occurrence, identify such employees, and for each employee please state the following:

(A)     The employee's name, address, and job title;

(B)     The sanction received by each, and the date thereof;

(C)     The company rule, regulation, policy, or other which you believe was violated;

(D)     The name, address, and title of each person having knowledge of facts to support your belief that a company rule, regulation, policy, or order was violated;

(E)     Identify with reasonable particularity any documents considered by the Defendant in determining whether any rule, regulation, policy or order was violated, and the name and address of the present custodian of such documents.

-30-

Do you contend that Plaintiff was at fault in whole or in part for the alleged occurrence? If you answer is in the affirmative, state:

(A)    The facts upon which you rely to support your contention;

(B)    The name, address, and employer of each person who has personal knowledge of facts to support your contention;

(C)    Identify with reasonable particularity each document which supports your contention, and identify the custodian by name, address, and job title of each such document.

-31-

Do you contend that Plaintiff's alleged injuries and/or damages, in whole or in part, did not directly or proximately result from the alleged occurrence? If your answer is in the affirmative, state:

(A)    The facts upon which you rely to support your contention;

(B)    The name, address, and employer of each person who has personal knowledge of facts to support your contention;

(C)    Identify with reasonable particularity each document which supports your contention, and identify the custodian by name, address, and job title of each such document.

-32-

Does your company assess a fine and/or a certain amount of money against the store and/or management and/or employees of the store for accidents which take place on the premises? If your answer is in the affirmative, state:

(A)    How much money is assessed per incident;

(B)    How much was assessed for the incident outlined in the Plaintiffs petition;

(C)    Whether such money is deducted from profit sharing and/or bonus calculation;

(D)    The name of the person most knowledgeable in your corporation concerning said assessment program.

-33-

Do you have any insurance agreements which will indemnify you, in whole or in part, against any judgment Plaintiffs may obtain in the instant action?  Yes (  ) No (  ).

If your answer is "Yes," state:

(A)     The name and address of the company or companies issuing such insurance agreements;

(B)     The policy number;

(C)     The limits of personal injury, property damage and medical payment coverage on the date of the occurrence mentioned in Plaintiffs' petition;

(D)     Attach a copy of the Declaration Page or Certificate of Coverage of such policy of insurance to your answer to these interrogatories.

-34-

Please state each and every fact Defendant bases each and every one of his defense(s) stated in his Answer to Plaintiffs' Complaint.

-35-

Identify the manufacturer(s) of the shopping cart corrals located in Defendant's parking lot on February 6, 2018.

**⚖ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COFFEE COUNTY, GEORGIA

**SUS2020000001**

FEB 03, 2020 07:23 PM

*Elisa Gillis*
Elisa Gillis, Clerk
Coffee County, Georgia

IN THE SUPERIOR COURT OF COFFEE COUNTY

STATE OF GEORGIA

CONNIE JO MORRIS and
JOHNNY MORRIS,

     Plaintiffs,

vs.

                          CIVIL ACTION FILE NO._____

WAL-MART STORES EAST, LP;
WAL-MART STORES EAST, LP,
d/b/a WAL-MART SUPERCENTER #593;
Walmart INC f/k/a WAL-MART STORES, INC.,

     Defendants.                DAMAGES

## PLAINTIFFS FIRST REQUESTS FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANTS

COMES NOW the Plaintiffs in the above-styled action and serve these Requests for

Production of Documents upon Defendants and requests that they be fully answered in writing

and under oath within forty-five (45) days of the date of service. Each Request is addressed to

the personal knowledge of the Defendant, as well as to the knowledge and information of

Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant

is unable to comply with a Request completely, the Request should be produced as fully as

possible. When a Request is directed to Defendant, the Request is also directed to each of the

aforementioned persons. These Requests shall be deemed continuing, and you are under a duty

to seasonably supplement or amend a prior response.

     If no such information exists to comply with a particular Request, please state that fact.

Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

     These Requests are made for production of documents by mail to Plaintiff's counsel's

office located at P. O. Box 770, Douglas, GA 31534; if documents are voluminous, please contact Plaintiff's counsel to arrange an alternative production.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction, digital recording of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, date sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc., when such copy contain any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.      "**Occurrence**" refers to the fall made the basis of the Complaint.

## REQUESTS FOR PRODUCTION

The documents to be produced are the following:

1.    All communication in written form between the Plaintiff and the Defendant.

2.    All photographs of the scene of Plaintiff's fall.

3.    All video of the scene of Plaintiff's fall.

4.    All photographs of the Plaintiff.

5.    All video of the Plaintiff.

6.    All audio of the Plaintiff.

7.    All records and results of performed testing which relate in any way to the shopping cart corrals in Defendant's parking lot.

8.    All written reports regarding the incident described in Plaintiff's Complaint.

9.    All architectural plans, designs, drawings and other graphic representation of the accident scene design and/or construction.

10.    All policies and procedures manuals, handouts, video and audio recordings, digital recording which in any way relate to the shopping cart corrals in Defendant's parking lot on the date of Occurence.

11.    All maintenance and repair records for the date of February 6, 2018, and the previous twelve (12) months for Defendant's store and parking lot which is the subject of Plaintiffs' Complaint.

12.    All maintenance and repair records for the date of February 6, 2018, and the previous five years for Defendant's parking lot and shopping cart corrals which is the subject of Plaintiffs' Complaint.

13.    All written and/or recorded statements of the Plaintiff, employees, and witnesses

as related to the Plaintiff's fall.

14.     A list of all employees for February 6, 2018, and the previous six (6) months.

15.     A list of all falls in the parking lot for the previous five (5) years and identify by name, address, and phone number the persons who fell and the circumstances of the fall..

16.     A list of all falls in the parking lot following Plaintiff's fall.

17.     Any written materials related to the care and upkeep of the shopping cart corrals.

18.     All statements and/or interviews related to the Plaintiff's fall.

19.     Copies of all insurance policies in force at the time of the Plaintiff's fall.

20.     Any and all documents identified in response to Plaintiffs' First Interrogatories to Defendant that have not been produced in response to any other requests above.

21.     Any and all documents that relate in any way to the purchase, warranty, installation, maintenance, replacement of the shopping cart corrals that were in Defendant's parking lot on the date of Plaintiff's fall, and for the five years previous to her fall.

22.     Any and all documents that relate in any way to the purchase, warranty, installation, maintenance, replacement of the shopping cart corrals that were in Defendant's parking lot since the date of Plaintiff's fall.

This 3rd day of February, 2020.

FARRAR, HENNESY & TANNER, LLC


By:   /s/ Drew Tanner
        Drew Tanner, Attorney for Plaintiffs
        Georgia Bar No. 697598

P. O. Box 770
316 Madison Avenue N
Douglas, GA 31534
Phone (912) 384-2287

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

| | |
|---|---|
| **CONNIE JO MORRIS and JOHNNY MORRIS,**<br><br>      **PLAINTIFFS,**<br><br>**v.**<br><br>**WAL-MART STORES EAST, LP; WAL-MART STORES EAST, LP, D/B/A WAL-MART SUPERCENTER #593; WALMART INC F/K/A WAL-MART STORES, INC.,**<br><br>      **DEFENDANTS.** | **Civil Action File No.:** _____ |

## CERTIFICATE OF SERVICE

This is to certify that I have electronically filed this **Defendants' Notice of Removal** with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to the following attorneys of record:

Drew Tanner
Farrar, Hennesy & Tanner, LLC
P.O. Box 770
Douglas, GA 31534
drew@fhtlawyers.com

I also hereby certify that I have mailed by United States Postal Service to the attorneys listed above the document identified in this Certificate of Service.

This 5th day of March, 2020.

**DREW ECKL & FARNHAM, LLP**

*/s/ Elissa B. Haynes*
Michael L. Miller
Georgia Bar No. 508011
Elissa B. Haynes
Georgia Bar No. 804466

*Attorneys for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
(404) 876-0992 (fax)
mmiller@deflaw.com
ehaynes@deflaw.com

9588524/1
05695-163549