## AFFIDAVIT OF JEFFREY H. GROSS
## STATE OF GEORGIA, COUNTY OF GWINNETT.
### In the Matter of: Sadija Skocic vs RPAI Management, Bright Line Asphalt,
### Lawrenceville Simonton.
### Civil Action NO. 18-C03130-S6

Jeffrey H. Gross, upon being duly sworn before an officer authorized to administer oaths, states under oath that the following facts are true and correct based on his personal knowledge.

1.

I am of legal age, a resident of Paulding County, State of Georgia and am competent to testify in all courts of law.

2.

Attached is a true and accurate copy of my CV. *See Exhibit A.*

3.

I have been qualified as an expert in the field of premises safety/loss prevention management and have testified as such in the United States District Court, Northern District of Georgia, the United States District Court for the Middle District of Georgia, United States District Court Montgomery, Alabama, United States District Court South Carolina, State and Superior Courts in Fulton, DeKalb, Cobb, Henry, Cherokee, Bryan, White, Bartow, Richmond, Houston, Gwinnett, Lawrence, Clayton, Clark, Liberty, Butts, and Rockland Counties in Georgia.

4.

I have over 41 years' experience in safety and loss prevention for business premises of which 20 years was with the Marriott Corporation and associated companies. From 1980 to 1985, I served as the director of security at five different Marriott properties. I then served as a director of loss prevention from 1986 to 1988 at the Atlanta Mariott Marquee. In 1990, I became the area director of loss prevention for Marriott International, Marriott Hotels and Resorts and Sodexo Marriott Business Services. In this capacity from 1990 to 2000, I was employed in the field of security and safety and loss prevention management for over 350 accounts in seven states.

5.

My areas of responsibility included, in addition to security considerations and other matters, the area of real property safety concerning parking lots, parking spaces, pedestrian walkways and paths, including static conditions such as lighting, fencing, flooring, pedestrian walkways, steps, stairs, pedestrian ramps, improved walking paths and parking lots.

6.

PLAINTIFF'S
EXHIBIT
N

I hold a certificate in safety management awarded by the American Society of Safety Engineers after a course of study over a period of 4 years.

7.

During my career with Marriott, my job titles have included Director of Security for 5 hotels Director of Loss Prevention for the Downtown Marriott and Marriott Marquis Hotel Atlanta, Georgia and Area Loss Prevention Manger for the Southeastern United States. In said capacities I was responsible for the development and implementation of safety standards and procedures for all areas of safety and loss prevention for Marriott properties as well as inspections of Marriott properties and associated companies for unsafe conditions which potentially present a danger to Marriott employees and guests. My duties also included investigation of injuries reported to have occurred on Marriott premises, including identification and remedial actions concerning pedestrian safety concerns which caused injuries on Marriott properties.

8.

In the course of my employment with Marriott entities, I was charged with the enforcement of, and compliance with, federal, state, and local, codes and standards, involving the safety of guests and employees on Marriott premises. To carry out these duties, I was required to become familiar with numerous life safety codes, commercial building codes, The American Society of Testing and Materials Standard Practice for Safe walking surfaces and the Georgia ADA for Building & Facilities.

9.

On 9-2-2020 I was retained by Mr. Romero Pearson, Attorney at Law in the above-styled case to review certain issues regarding the spoliation of a potently hazardous condition in / on a foreseeable walking path at, 930 New Hope Road, Lawrenceville Georgia, "The Villages Shoppes at Simonton."

10.

It was my intention to travel to the location of the accident in question at the above address for the purpose of conducting a site inspection to memorialize, and measure all aspects of the defects seen in photographs provided to me by plaintiff's attorney. *See Exhibit B.*

This site inspection was to have included:

1. Measurements of the defect to determine if any of the standards for Safe Walking Surfaces were not adhered to.

2. Measurements to determine any conditions exceeding the standards concerning an *abrupt change in elevation in the walking surface exceeding a 1/4 inch.* This relates to the *American Society of Testing and Materials, ASTM Standard Practice on Safe Walking Surfaces; Standard 1637(f).*

*The Georgia ADA, Americans with Disabilities Act.*

*International Building Code with Georgia Amendments as adopted by the Georgia Department of Community Affairs.*

3. Videotaping the inspection findings at ground level to create demonstrative evidence.

11.

I have been informed by Mr. Romero the inspection area no longer exists as it had been shown to me in photographs provided by plaintiff's counsel. The defect has been removed and the area has been paved over with asphalt. *See Exhibit C.*

12.

Due to the accident scene being utterly changed, it is impossible for me to conduct any of the methodology for documenting a potential trip hazard and /or an irregular walking surface. The photographs provided to me by plaintiff's counsel of the condition do not rise to the level of information I would have documented had the scene not been spoliated.

End of Affidavit.

Signed: Jeffrey H. Gross

Date: 9-14-2020

**Notary:**

MICKEY HUNTE
NOTARY PUBLIC
Douglas County
State of Georgia
My Comm. Expires July 13, 2024



2019-1-3 10:11:16AM

2019-1-3 10:11:19AM

2019-1-3 10:11:21AM

2019-1-3 10:11:30AM

2019- 1- 3 10:11:31AM

2019-1-3 10:11:34AM

2019-1-3 10:11:35AM